UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| TRAVELERS CASUALTY & SURETY COMPANY OF AMERICA, a Connecticut corporation, | § § § § | PLAINTIFF |
| v. | § § | |
| J.L. HOLLOWAY; EMILE DUMESNIL; CHARLES DECUIR; JOHN ALFORD; RICHARD T. MCCREARY; RICK REES; JOHN DANE, III; ALAN A. BAKER; T. JAY COLLINS; JEROME L. GOLDMAN; GARY KOTT; RAYMOND E. MABUS; ANGUS R. COOPER, II; BARRY J. GALT; KENNETH W. LEWIS; and ERNST & YOUNG, L.L.P, | § § § § § § § § § § § | 1:03CV762GuRo

DEFENDANTS |

## ORDER DENYING DEFENDANT ERNST & YOUNG, LLP'S POST-TRIAL MOTIONS

THE MATTERS BEFORE THE COURT are the Renewed Motion for Judgment as a Matter of Law [309] and Motion for New Trial [311] filed by Defendant Ernst & Young, LLP ("E&Y"). E&Y renews its argument, made at the close of Plaintiff's case, that there was insufficient evidence presented at trial for the jury to reach a verdict in favor of Travelers. E&Y also contends that prejudicial errors occurred at trial, requiring a new trial. Travelers has filed a response to the Motions and E&Y has replied. For the reasons stated below, the Court finds that the Motions should be denied.

*The Motion for Judgment as a Matter of Law:*

A motion for Judgment as a Matter of Law should be granted if "a reasonable jury would not have a legally sufficient evidentiary basis to find for a party on that issue." FED. R. CIV. P. 50(a). Thus, if reasonable persons could differ in their interpretations of the evidence, then the

motion should be denied. *Bryant v. Compass Group USA Inc.,* 413 F.3d 471, 475 (5th Cir. 2005) (citations and quotation marks omitted). A post-judgment motion for judgment as a matter of law should only be granted when the facts and inferences point so strongly in favor of the movant that a rational jury could not reach a contrary verdict. *Id.* The jury's verdict is afforded great deference. Thus, when evaluating the sufficiency of the evidence, the Court is to view all evidence and draw all reasonable inferences in the light most favorable to the verdict. *Id.*

The Court denied E&Y's Motion at trial for the reasons stated into the record, and the Court declines E&Y's invitation to revisit the matters decided at that time. As to the issues raised in E&Y's renewed Motion, the Court finds that there was evidence of both reasonable reliance on the audit by Travelers and proximate causation. There was testimony at trial that surety companies typically rely on audited financial statements until they are superceded by the next year's audited statements, and Mississippi law supports such reliance. *See Touche Ross v. Commercial Union Ins.*, 514 So.2d 315, 322-23 (Miss. 1987). Further, there was sufficient evidence from which the jury could conclude that the audit was negligent, and the audited financial statements were a substantial factor in producing Travelers' losses, thus leading to the jury's conclusion that a negligent audit by E&Y proximately caused damages to Travelers. The Court therefore finds no basis for disturbing this finding. *Snapp v. Harrison*, 699 So.2d 567, 570 (Miss. 1997) (The issue of proximate or contributing causation is one for the jury as long as there is adequate support in the record for the jury's finding). The Motion for Judgment as a Matter of Law will therefore be denied and the judgment of the jury shall be allowed to stand. FED. R. CIV. P. 50(b)(1)(A).

*The Motion for New Trial:*

E&Y also seeks a new trial pursuant to FED. R. CIV. P. 59. "Courts do not grant new trials unless it is reasonably clear that prejudicial error has crept into the record or that substantial justice has not been done, and the burden of showing harmful error rests on the party seeking the new trial. Ultimately the motion invokes the sound discretion of the trial court..." *Sibley v. Lemaire*, 184 F.3d 481, 487 (5th Cir. 1999). After reviewing the points of error raised by E&Y, the Court finds no basis for a new trial under FED. R. CIV. P. 59. This Motion will therefore be denied.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Renewed Motion for Judgment as a Matter of Law [309] filed by Defendant Ernst & Young, LLP is **DENIED**.

**IT IS FURTHER ORDERED AND ADJUDGED** that the Motion for New Trial [311] filed by Defendant Ernst & Young, LLP is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 8th day of May 2007.

s/ *Louis Guirola, Jr.*
Louis Guirola, Jr.
United States District Judge